## AN ARBITRATION BEFORE JAMS

| | | |
|---|---|---|
| **SHERYL DENNIS,** | § § | |
| Claimant, | § § | |
| v. | § § | **REFERENCE NO. 5300000083** |
| **STEWARD HEALTHCARE SYSTEMS, LLC,** | § § | |
| Respondent. | § | |

## FINAL ARBITRAL AWARD

A.  **Remainder of Contract**

141.  Sheryl Dennis worked a series of 13-week contracts, the most recent of which covered Feb. 21, 2021 through May 21, 2022. She was taken off schedule on February 28, 2022. She was never reinstated to work. 83 days remained in her contract.

142.  I find that, Ms. Dennis would have been paid for the remainder of her contract but for Steward's wrongful termination of her. As set forth above, Texas law entitles her to "compensation for wages lost during the period of suspension or termination."

143.  Pro-rating her rate of pay (based on an average pay of $17,113.06 for recent two-week periods) results in damages of **$101,455.97** for unpaid wages through the end of her contract, which I award to Claimant. (See Damage Model attached to Claimant's April 21 Prehearing Brief.)

B.  **Three Months' Severance Pay**

144.  TEX. OCC. CODE § 301.413(d) entitles a successful Claimant to "severance pay in an amount equal to three months of the employee's most recent salary." I calculate this amount as **$110,036.94**, and award this amount as additional damages to Claimant. (See Claimant's Damage Model.)

C.  **Front Pay**

145.  I accept Respondent's argument that. had Ms. Dennis remained employed by Steward for future contracts, she would not have received a higher rate of pay than her current job, and therefore I decline to award front pay.

D.  **Mental Anguish and Exemplary Damages**

146.  Both the Texas Health & Safety Code and the Nursing Practice Act permit the recovery of: (1) damages for mental anguish even if an injury other than mental anguish is not shown, and (2) punitive or exemplary damages. TEX. HEALTH & SAFETY CODE §161.134(c and d); and TEX. OCC. CODE § 301.413(c).

147. I find that Ms. Dennis could recover for mental anguish as a result of her termination. Ms. Dennis is statutorily entitled to damages for "mental anguish even if no other injury is shown." I do find that she valued her reputation as a caring nurse with great concern for her patients. However, I do not find that she suffered sufficient emotional anguish in being fired that she should recover mental anguish damages. Accordingly, I do not award mental anguish damages.

148. Punitive or exemplary damages are available under both statutes. I find that punitive damages are not warranted here.

E.   **Case Expenses and Attorney's Fees**

149. Both statutes permit the recovery of case expenses and attorneys' fees. TEX. HEALTH & SAFETY CODE §161.134(c and d); and TEX. OCC. CODE § 301.413(c).

150. I award case expenses in the amount of **$9,716.92**, consisting of the JAMS arbitration fee, court reporter and videographer charges for the 4 depositions taken in this case, and assistance from a trial tech for the three days of the arbitration hearing, as reflected in Claimant's counsel's 5/7/2023 Declaration and 5/16/2023 Supplemental Declaration.

151. I award attorney's fees in the amount of **$121,125.00**, calculated using Claimant's counsel's standard billing rate of $750 per hour (which I find to be a reasonable hourly rate) multiplied by the 161.5 hours (which I find to be a reasonable amount of time to pursue this case), as supported by Claimant's counsel's 5/7/2023 Declaration and 5/16/2023 Supplemental Declaration.

F.   **Total Damages**

152. The total amount of damages awarded is **$342,334.83**.

## VIII.  FINAL AWARD

153.   I find Respondent liable to Claimant in the amount of **$342,334.83** and order payment of this amount plus post-judgment interest as required by Texas law.

Date: June 26, 2023

John W. Thornton, Jr., JAMS Arbitrator